Judge Hise
delivered the opinion of the Court.
Dobyns as surviving partner of a firm of forwarding and commission merchants engaged in business at Mays-ville Ky., sued Young in a Magistrates’ Court in Montgomery co., to recover the amount of an account against him for money paid and advanced by plaintiff for defendant, for freight and charges on goods consigned to him, and for services rendered in receiving and forwarding the same to Young at his residence in Mt. Sterling. The warrant was issued and served on Young on the 3d September, 1849, and tried before the Magistrate in that month. The account was dated the 26th of October, 1847, of course one year, ten months, and seven days, had elapsed after the cause of action accrued before the suit was instituted. Young made de-fence before the justice, and relied upon the statute, which provides that suits on merchant’s accounts for goods, Sfc., sold and delivered, or for articles charged in any store account, shall be commenced within twelve months after the cause of action hath accrued. The Justice gave judgment for Young, the defendant in the warrant. From which Dobyns the plaintiff, appealed to the Montgomery Circuit Court, in which the case was tried. ,
Both parties agreed tó dispense with a jury, and that the fact's and law of the base should be submitted ’to the Judge of said Court. Young’s defence was non as-sumpsit, and non assumpsit within a year next preceding the commencement of the suit; after the proof had been heard, the Circuit Court rendered judgment' against Young, and in favor of Dobyns for the sum of ' $20 21 cents, (which is the amount of the account,) and *8 cost of suit. Young as plaintiff in error has brought the case before this Court.
The proof in the case.
The evidence taken establishes the following state of case: That the firm of Dobyns & Co., was established as forwarding and commission merchants in Maysville? Ky., in and during the year 1847, and Dobyns was the surviving partner of said firm at the time this suit was brought, the only other member of the firm, namely, H. Richardson, having in the mean time died, that at the date of the account, some articles or packages which had been shipped from Pittsburgh on the steamer Isaac Newton, marked as directed, to “Aquilla Young, Mt. Sterling,” “To the caré of Jno. P. Dobyns & Co., Maysville,” were received at the business house of Do-byns & Co., in Maysville, that on reception of these articles Dobyns & Co., paid certain charges thereon, amounting to $13 38 cents, and to the steamer for freight $3 II cents, was also paid; the other items in the account for commission, drayage, advancing postage and interest, are proven to be correct, so'that the claim of Dobyns & Co., to the amount of $20 2T cents, is established by the testimony. It is not proven that Young directed or requested Dobyns & Co., to receive these articles for them, or to pay the charges and perform the service for which their account is rendered, nor is .'it proven that Dobyns & Co., were employed by Yoting generally Or specially to receive goods for him, or to forward them to him, except as it may be presumed or inferred from the fact''that the articles in question were consigned to them at Maysville, Ky-.,' (they being established at- that place as forwarding and commission merchants;) and directed to Young at Mount Sterling. It is proven in the case, that Dobyns & Co., forwarded the articles by a common carrier, from whom they took the usual receipt or bill of lading, requiring him t.ó deljvqi: them to Young- at Mt. Sterling.; that these articles, were, delivered to Young by the waggoner,, H. Vankf$j, and that all was done according to the general usage,, custom; and practice, of forwarding and *9 Commission merchants, in the transaction of business of like character.
First question presented,
The accoünts bif commission arid forwarding merchants formoney advririb'ed & services rendered are not embráced by the 5th section oif tlie statute of liriiitation (2 Statute Law, 1134) limiting actions upon merchants’ accounts to one year.
Second question presented.
There are two questions presented in this case of some importance and of general interest to a trading and commercial community. The first to be considered-, is-, whether a commission and forwarding merchant’s account for money paid and advanced for freights, storage, drayage, &c., and for services rendered in receiving and forwarding goods, wares, and merchandize, is embraced within the provisions of the 5th section of the statute of limitations (2d stat. law, 1134,) which if plead would bar a recovery on merchant’s accounts such as are therein specified, if suit was not prosecuted thereon .within twelve months from -their date or from the time they became due.
It is without hesitation given as the opinion- of the Court that the accounts of -commission and «forwarding merchants for money advanced and services rendered, are not at all embraced by the provisions of the 5th section of the statute of limitations, above-referred to, as is apparent from the language-of that section, and its obvious import. The accounts therein.specified-, (suit's upon which may be barred if not brought -Within a year,-) are sugIi as are created -for goods, wares, aiid merchandize, sold and delivered, or articles charged in any store account- These expressions are definite and precise, and will not admit reasonably of any.such construction as that contended for by Young’s counsel The account in this case is not for any of the things specified in the statute, but for money paid and advanced by Dobyns & Co., and for services performed by ■them for Young, consequently the -5th -section of thé said statute has no application,-and -this action of 'Do-byns is not barred - thereby.
The next question to-be considered, is this: If á merchant engaged in-the -business of receiving and forwarding merchandize, &c., receives packages consigned to his care and marked with the name and aplace of residence of one supposed to be the owner, and thereupon *10 he pays the freight, charges, storage, drayage, &c., and then delivers them to a responsible common carrier, to be carried to the person to whom, and the place to which they are directed by writing on the packages, taking from the carrier the usual receipt or bill of lading, in an action by such merchant against the person to whom the packages are directed and to whom they were delivered, for the money advanced and services performed, would the law authorize a recovery, and would the defendant in such action be liable though there should be no other proof given of the fact of his ownership of the packages, or of the employment by him of the merchant, than that arising from the circumstances of the consignment, the directions as written on such packages, and their delivery and receptiozz accordingly, as shown from the proof in this case ? It is the opinion of the Court that in such case the forwarding merchant might lawfully demand, and that the presumed owner of the goods would be bound to pay to him the reasonable amounts advanced, and reasonable compensation for the services rendered in receiving and forwarding the goods.
The consignment of goods evidenced by the directions on the pack ages to A. Y, “care of D. & Co.,” &c., the delivery of them by the 'carrier to D. & Co., and the fact that the packages were on the usual route to the residence of A. Y., creates a presumption that A. Y. was the owner, and that the consignment wa3 to D. & Co., by the consent and direction of A. Y.; and. unless rebutted, creates a liability on A. Y.to pay advances, commis’ns, &e., to the consignee, D.G.& CO.
The consignment of the goods to Dobyns & Co., evidenced by the words on the packages, “To the caz’e of Dobyns & Co.,” their delivery to them from the steamboat Isaac Newton, the direction thereon to “Aquilla Young, at Mt. Sterling,” the fact that they were forwarded in the customary way by a common carrier, to their direction, and delivered by him to the person to whom directed, to wit: Young himself, are circumstances from which a satisfactory presumption arises that Young was the owner of the packages, and that they were consigned to Dobyns & Co., as commission and forwarding merchants, with his consent or that of his agent who shipped them on the steamer Isaac Newton; and unless such presumption should be rebutted by proof on the part of the defence, Young should be ■ held liable to pay the reasonable charges of the plaintiff in the warrant.
Hazlerigg for plaintiff; Chiles for defendant.
Wherefore the judgment of the Circuit Court is affirmed.